**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT C. MITCHELL III, et al.,

    Plaintiffs,

v.

                                    Case No. 03-CV-74591-DT

                                    HONORABLE DENISE PAGE HOOD

STATE OF MICHIGAN, et al.,

    Defendants.

_____/

**ORDER RE PLAINTIFFS' APPEAL FROM THE MAGISTRATE JUDGE'S**
**NOVEMBER 16, 2004 ORDER DENYING PLAINTIFF MITCHELL'S**
**MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 15, 2004**
**ORDER DIRECTING CLERK'S OFFICE TO TERMINATE CERTAIN PLAINTIFFS**
**AND**
**ADMINISTRATIVELY CLOSING CASE**

        This matter is before the Court on Plaintiff Robert C. Mitchell's Appeal from the Magistrate Judge's November 16, 2004 Order Denying Plaintiff Mitchell's Motion for Reconsideration of the Court's September 15, 2004 Order Directing Clerk's Office to Terminate Certain Plaintiffs.

        The decision and order of a non-dispositive motion by the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Any appeal of or objections to a magistrate judge's order must be made within ten days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Objections that are only general and are not specific waive the right to appeal. See *Howard v. Secretary of HHS,* 923 F.2d 505, 508-09 (6th Cir. 1991). In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). "A finding is 'clearly

erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue,* 958 F.2d 684, 690 (6th Cir. 1992). Rule 72(a) provides considerable deference to the determinations of the magistrate judges. *In re Search Warrants,* 889 F.Supp. 296, 298 (S.D. Ohio 1995). The Magistrate Judge's decision on a dispositive motion will be reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); *Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 515 (6th Cir. 2001).

After a *de novo* review of the Magistrate Judge's November 16, 2004 Order, the Court finds that the Magistrate Judge did not err in finding that Plaintiff Mitchell has not shown a palpable defect in the Magistrate Judge's September 15, 2004 Order directing the Clerk's Office to terminate certain Plaintiffs. As noted by the Magistrate Judge in his September 15, 2004 Order, the unrepresented Plaintiffs provided no independent address where they can be reached and the mail sent to the Plaintiffs was returned undeliverable. The Magistrate Judge did not err in ordering the Clerk's Office to terminate the nineteen Plaintiffs listed in the September 15, 2004 Order.

Plaintiff Mitchell's claim in his appeal to this Court that he was not provided with a copy of the Defendants' responsive papers filed October 19, 2004 is without merit since at that time, he was represented by counsel. Defense counsel is only required to serve papers to a represented party through that party's attorney under Fed.R.Civ.P. 5(b). It is noted that Plaintiff Mitchell's counsel has since withdrawn and defense counsel must now serve Plaintiff Mitchell (and other Plaintiffs formerly represented by counsel) at Plaintiff Mitchell's individual address noted on the docket. Although now proceeding *pro se*, it is Plaintiff Mitchell's (and other Plaintiffs') duty to inform the Clerk's Office (not the undersigned) of any address changes.

Plaintiff Mitchell also argues in his appeal that the Magistrate Judge's finding that Plaintiff Mitchell's grievances regarding confiscation of his property did not change the disposition of the motion was erroneous.  This Court finds that the Magistrate Judge's finding on this issue is not erroneous because the confiscation of materials is not an issue before the Court.  The Complaint filed by Plaintiffs relates to the telephone service provided by Defendants to the prison population.

The Court further notes that because the Magistrate Judge granted *Plaintiffs'* Motion to Stay the Case pending the Plaintiffs' proceedings before the Michigan Public Service Commission in an Order dated September 22, 2004, this case is ADMINISTRATIVELY CLOSED.  Plaintiffs may file the appropriate motion to lift the stay upon the conclusion of the MPSC proceeding.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Mitchell's Appeal from the Magistrate Judge's November 16 2004 Order Denying Motion for Reconsideration of the Magistrate Judge's September 15, 2004 Order terminating certain Plaintiffs is DENIED and the November 16 and September 14, 2004 Orders are ACCEPTED AND ADOPTED as this Court's findings of fact and conclusion of law.

IT IS FURTHER ORDERED that this case is ADMINISTRATIVELY CLOSED pending the proceedings before the MPSC.  Plaintiffs may file a Motion to Reopen the case after the conclusion of the proceedings before the MPSC.

IT IS FURTHER ORDERED that Plaintiff Mitchell's to Appoint Counsel **(Docket No. 55, filed November 15, 2004)** is MOOT.

                                                                             s/ DENISE PAGE HOOD  
                                                                             DENISE PAGE HOOD  
                                                                             United States District Judge

DATED: June 30, 2005